**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| HERBERT LEROY WHITE,            )<br>                                                       )<br>               Plaintiff,                  )<br>     v.                                          )          1:08-cv-1581-DFH-TAB<br>                                                       )<br>WENDY KNIGHT,                        )<br>                                                       )<br>               Defendant.               ) | |

**Entry and Order Directing Dismissal of Action**

**I.**

The plaintiff's request to proceed *in forma pauperis* (dkt 2) is **granted.**

**II.**

**A.**

Herbert Leroy White is an inmate confined at the Plainfield Correctional Facility ("Plainfield") and in this action sues Plainfield Superintendent Wendy Knight. White alleges that Superintendent Knight has failed to respond to his written complaints about staff harassment, including cell shake downs and destruction of mail and other personal items. The complaint is brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

White's complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). A complaint is sufficient only to the extent that it "'contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.'" *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1969 (2007) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

**B.**

Applying the above standard, White's complaint must be dismissed.

- First, Superintendent Knight is not alleged to have participated in or to have directed any of the staff misconduct about which White complains. Without such personal involvement, Superintendent Knight could not be liable for the alleged staff misconduct. *West v. Waymire*, 114 F.3d 646, 649 (7th Cir. 1997) ("the doctrine of *respondeat superior* is not available to a plaintiff in a section 1983 suit").

- Second, White's allegation that Superintendent Knight has violated White's federally secured rights by not responding to his complaints about staff misconduct does not support a viable claim for relief. Prisoners do have a constitutional right to seek redress of their grievances from the government, but that right is the right of access to the courts, and this right is not compromised by the failure of the prison to address his grievances. *Flick v. Alba,* 932 F.3d 728, 729 (8th Cir. 1991). As explained in *Antonelli v. Sheahan,* "any right to a grievance procedure is a procedural right, not a substantive one. Accordingly, a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." 81 F.3d 1422, 1430-31 (7th Cir. 1996) (internal citations omitted). The foregoing has recently been cited as Circuit law "specifically denouncing a Fourteenth Amendment substantive due-process right to an inmate grievance procedure." *Grieveson v. Anderson,* 538 F.3d 763, 772 (7th Cir. 2008). Because White had no expectation of a particular outcome of his grievances, there is no viable claim which can be vindicated through § 1983. *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992)(without a predicate constitutional violation, one cannot make out a prima facie case under § 1983).

For the reasons explained above, the complaint fails to survive the screening required by § 1915A because it fails to state a claim upon which relief can be granted. No amendment to the complaint could cure its insufficiency. Dismissal of the action pursuant to 28 U.S.C. § 1915A(b) is therefore mandatory, *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002), and judgment consistent with this Entry shall now issue.

So ordered.

_____
DAVID F. HAMILTON, Chief Judge
United States District Court

Date:   12/8/2008